575 Herkimer St. Assoc., LLC v Forbes (2024 NY Slip Op 51855(U))

[*1]

575 Herkimer St. Assoc., LLC v Forbes

2024 NY Slip Op 51855(U)

Decided on October 22, 2024

Civil Court Of The City Of New York, Kings County

Jimenez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 22, 2024
Civil Court of the City of New York, Kings County

575 Herkimer Street Associates, LLC, Petitioner(s),

against
Patricia Forbes et al., ROBIN TAYLOR, GARETH THOMAS et al., COREY LEWIS et al., DELROY WHITTAKERR et al., DELANEY POON et al., JAREN STARR FORBES et al., LURETHA DANIELS et al., Respondent(s).

Index No. 329184-23

David Wayne Graber
55 Watermill Ln Ste. 100
Great Neck, New York 11021
Attorneys for Petitioner — 575 Herkimer Street Associates, LLC
Brooklyn Legal Services 
1709 St. Mark's Avenue
2nd Floor
Brooklyn, New York 11233
Attorneys for Respondents — Forbes et al

Sergio Jimenez, J.

Having held a pretrial conference on these eight (8) joint-trial proceedings it is ordered that an in-person trial will be held on March 23, 24, 25, 2025 commencing at 9:30am in Room 505.
The parties must submit a stipulation of evidence pre-marking all of their evidences (reserving any objections). The parties should follow the format attached to this Decision/Order [*2]as Exhibit A. Should the parties have more exhibits than what is accounted for in Exhibit A, the parties may prepare a similar expansion using the format provided. Any evidences at that point stipulated to may be uploaded to NYSCEF, with appropriate redactions, and any evidences not consented to must be brought in triplicate. Neither party should upload exhibits to NYSCEF unless both parties have consented to the evidence. This submission must be made by March 23, 2025. The failure to submit said stipulation may, at the court's sole discretion, result in an adjournment or preclusion. If the parties are unable to reach an agreement as it relates to the evidences, the parties must upload an exhibit list to NYSCEF, pre-marking all evidences. Without such an agreement, the parties are not to upload their evidences and must bring them to court. If either party seeks to present media, the parties, themselves, are responsible for bringing a media player, USB drive, and HDMI cable. The court will not look at consider evidences on any phone.
As the parties have somewhere between nine (9) and fifteen (15) witnesses and given the wide discretion allotted to the trial court by law in how to "regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue in a setting of proper decorum" (CPLR §4401), the court orders all parties to submit their direct testimony by affidavit.
The court notes respondents' counsel vociferous objection to this instruction, which was given orally, but is being reduced to an order for all purposes including possible appeal. Respondent argues that the court is ruling contrary to "decades of housing court precedent," that it is a denial of respondents' "day in court," and that the court has no specific statute empowering it to do so. The court finds none of these arguments compelling. First, arguing that housing court "has always operated" in such a fashion is not, in it of itself, a reason to continue outdated practices and/or to not evolve with the advent of technology and/or new methodologies. Further, various housing court judges over the course "of decades" have embraced this procedure, including recently, Hon. Michael Weisberg. In Johnson v. 300 Sullivan Place LLC, the court noted that this type of tool would help "ameliorate [the] problem" of delay and even improve the amount of communication winnowing the issues to focus the court and the parties on only the actually disputed issues (Johnson v. 300 Sullivan Place LLC, 2024 NY Slip Op 24133 [Civ Ct Kings County 2024]). Further, other lower-level trial courts have also used this mechanism to allow access to justice for all parties involved (Matter of S.N. v. J.A., 71 Misc 3d 1206[A][Fam Ct Bronx County 2021]). Since at least 1962, the Legislature has also explicitly authorized the courts to use innovative procedures where "necessary to carry into effect the powers and jurisdiction possessed by [the court]" which could include the use of direct testimony by affidavit (Judiciary Law §2-b). As such, the court finds that this order does not run counter to "decades" of precedence but rather is an extension of said precedent and hopefully represents an ushering of housing court to the level of practice that it deserves, commensurate with any federal or state court in the country.
Secondly, the court disagrees with respondents' contention that they would be denied their voice. While the term "day in court" is figurative and not literal, the court certainly does not intend to chill their testimony, in fact, the respondents are gaining the next five (5) and a half months to sharpen their direct testimony to a razor sharp point. Further, ordering both sides to do this the court contends that it is nothing more than an "evenhanded attempt towards focusing the proceedings on the relevant issues and clarifying facts material to the case in order to expedite the trial" (Revell v. Guido, 124 AD3d 1006 [3d Dept 2015]; Heilbrunn v. Town of Woodstock, 50 [*3]AD3d 1377 [3rd Dept 2008]). The court disagrees with the respondents' characterization of this requirement as chilling and, as such, discounts this opposition.
Lastly, the court finds CPLR §4401 empowers it as a trial court to allow it to structure trials however it sees fit. The court does find an analogue in the Uniform Civil Rules for the Supreme and County Court §202.20-i but is not depending on that as binding authority. Pursuant to this analogous rule, the petitioner, through counsel, has made the request that the parties submit their direct in this fashion, following the court's sua sponte instruction. The court also notes that this was amended in July 2022. If a court with smaller dockets within the same Unified Court System use this as a tool to expedite their trials, the housing court, which precariously balances itself on the precipice of summary proceedings against violations of the findings of the Report from the Special Adviser on Equal Justice in the New York State Courts prepared by Former Secretary Jeh Johnson [FN1]
, could make much greater use of such a tool.
The format for these submissions are to mirror deposition transcripts — questions demarked by the letter Q and a number followed by answers demarked by the letter A and the respective number. At the end of the back-and-forth process outlined below, the court expects that the affiant and both attorneys will sign the direct testimony affidavit. The court notes that a signature by the opposing party is not an endorsement of the truth of the statements included within but rather only act as a procedural agreement that the document to be submitted is one that has been presented to the opposing party prior to submission, reserving their objections as outlined below. As all parties are required to do so, the parties must adhere to this schedule (but may request from the court extensions due to exigent circumstances):
Petitioner's counsel to present their witnesses' direct testimony for the remainder of their prima facie proceeding to respondents' counsel by November 15, 2024. Respondent to return objections and revisions by December 2, 2024. Petitioner's counsel to make any changes to the direct and send back to the respondents' counsel by December 13, 2024. At this point respondents' counsel may create a separate, sheet noting the question/answer number, marking their objections, which the court will rule on the day of trial, but should otherwise sign the direct affidavit and return to the petitioner for counter-signature and submission to the court.
During this time frame, as respondents have many more witnesses, the first draft of their witnesses' direct testimony will be presented to respondents' counsel by January 31, 2025, including the alleged expert. Petitioner to return objections by February 21, 2025. Respondents to make any amendments by March 7, 2025 and return to petitioner. Petitioner, at this point, may create a separate sheet, noting the question/answer number, marking their objections, which the court will rule on the day of trial, but should otherwise sign the direct affidavit and return to the respondents for counter-signature and submission to the court.
With regard to rebuttal, petitioner should use the time frame between their first receipt of the proposed direct testimony to start their rebuttal direct testimony, which should be sent as a first draft to the respondents' counsel by February 28, 2025. Revisions are to be returned to petitioner's counsel by March 14, 2025. Any changes made should be returned to respondents' counsel by March 20, 2025. At which point, respondents may create a separate sheet, noting the question/answer number, marking their objections, which the court will rule on the day of trial, but should otherwise sign the direct affidavit and return to petitioner for counter-signature and [*4]submission to the court no later than March 23, 2025.
The petitioner made three applications following the court's instructions: First, the amendment of the petition to date, second, that they be afforded an opportunity to respond to the respondent's experts and, lastly, that access be provided to the premises to commence efforts at repairing Department of Housing Preservation and Development (DHPD) violations issued recently. The court will hold the first in abeyance until the time of trial, the second is granted and the third is outside of the court's jurisdictional capacity at this point, but the court notes that the respondents were unwilling to provide access prior to a meeting date that was tentatively set on November 18, 2024. Petitioner's counsel remarked in passing that the petitioner may choose not to engage in this meeting for what appeared to be leverage reasons.
Both parties are under an on-going obligation that if either party should file an appeal of this order and a stay is granted, then the parties should inform the court.
Dated: October 22, 2024
Brooklyn, New York
Hon. Sergio Jimenez

Footnotes

Footnote 1: https://www.nycourts.gov/whatsnew/pdf/SpecialAdviserEqualJusticeReport.pdf